**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **EDWARD MARIN-DEJESUS,** | ) | |
| **#33653-069,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-00579-JPG** |
| | ) | |
| **DAVID SZOKE,** | ) | |
| **P.A. CASTILLO,** | ) | |
| **and LESLEE DUNCAN,[1]** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM & ORDER</u>**

**GILBERT, District Judge:**

This matter comes before the Court for consideration of a Motion for Summary Judgment filed by Defendants Szoke, Castillo, and Duncan.  (Doc. 43).  Defendants seek dismissal of this action based on Plaintiff's failure to timely file this lawsuit and on the merits of his claim.  (*Id.*).  Plaintiff failed to respond to the summary judgment motion.  The Court entered an Order requiring Plaintiff to show cause why his lack of response should not be construed as an admission of the merits of the motion.  (Doc. 46) (citing SDIL-LR 7.1(c)).  Plaintiff did not respond to the show cause order.  For the reasons set forth herein, the Court grants the motion for summary judgment.

On March 16, 2018, Plaintiff commenced this action by filing a Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971), against three of his former medical providers at the United States Penitentiary in Marion, Illinois (USP-Marion).  In the Complaint, Plaintiff claims that Defendants Szoke, Castillo, and Duncan responded to his chronic kidney disease with deliberate indifference between June 2010 and May

---

[1] At all times relevant to the Complaint, this defendant used the name, "Leslee Duncan," but she is now known as "Leslee Brooks."  (*See* Doc. 43, p. 3 at n.1).

2014.  (Doc. 1).  Following threshold review of this matter pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single claim (Count 1) of medical deliberate indifference against the defendants for failing to test, refer, and/or treat his chronic kidney disease (Count 1).  (Doc. 7).

On February 7, 2020, Defendants moved for summary judgment.  (Doc. 43).  They maintain that Plaintiff's claim is barred by the two-year statute of limitations that applies to his claim.  (*Id*. at 10-13) (citing *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017)).  Plaintiff's claim could have accrued on the date he transferred out of USP-Marion—May 30, 2014.  (*Id*. at 11) (citing *Cesal*, 851 F.3d at 722) (defendant physician's deliberate indifference ended when inmate transferred to another prison)).  If Plaintiff was unaware of his chronic kidney disease at the time of his transfer, however, his claim accrued and the limitations period began to run no later than February 19, 2015, when he was formally diagnosed with chronic kidney disease.  (*Id*. at 11-12) (citing *Blanche v. United States*, 811 F.3d 953, 958 (7th Cir. 2016) (Where a prisoner is unaware of his injury on the last date of a constitutional violation, his claim accrues when "the plaintiff has enough information to suspect, or a reasonable person would suspect, that the injury had a doctor-related cause.")).  Accordingly, the deadline for filing suit occurred two years later on February 19, 2017, at the latest.  (*Id*.).  Assuming this period was tolled while Plaintiff exhausted his administrative remedies, tolling began six days before the expiration of the statute of limitations when Plaintiff filed his informal remedy request on February 13, 2017.  Tolling ended on November 14, 2017, when the Federal Bureau of Prison's Central Office issued a final response.  When the clock resumed, Plaintiff had six days left to file suit.  He should have commenced this action by November 20, 2017, at the latest.  Plaintiff's decision to wait almost four months (*i.e.*, until March 16, 2018) rendered his claim time-barred.  (*Id*.).

Defendants further argue that no reasonable jury could find that any of them responded with deliberate indifference to Plaintiff's serious medical needs. (Doc. 43, pp. 13-17). Duncan met Plaintiff to discuss and treat his itchy scalp in 2011, to address his complaints of headaches, vomiting, and hypertension on December 7, 2012, and to review his lab work and monitor his kidney function on August 9, 2013. (*Id*. at 14-15). This defendant prescribed Plaintiff blood pressure medications that protected the kidneys and ordered regular blood pressure checks. (*Id*. at 14). Though Plaintiff experienced slightly elevated creatinine levels, Duncan observed no other signs or symptoms of kidney malfunction and deemed no referral to a specialist necessary. A doctor confirmed this finding. Castillo responded to Plaintiff's complaints of abdominal pain by ordering additional bloodwork on June 5, 2012 and May 9, 2013. (*Id*. at 15-16). Physicians reviewed the results of the tests and did not deem further treatment with a specialist necessary. (*Id*.). Finally, Szoke never saw Plaintiff in the clinic. (*Id*. at 16). In his capacity as clinical director, Szoke reviewed notes for Plaintiff's two visits to health services for an unrelated dental complaint on October 7, 2011, and a single set of lab tests on June 2012. (*Id*.). Although these test results showed some blood in his urine and slightly elevated creatinine levels, the doctor determined that the single set of lab results were not indicative of chronic kidney disease. On these facts, Defendants assert that their care of Plaintiff was not "so inadequate that it demonstrated an absence of professional judgment." *Jones v. Drew*, 221 Fed. Appx. 450, 454 (7th Cir. 2007). They seek summary judgment because no reasonable jury could conclude that they responded to Plaintiff's serious medical condition with deliberate indifference. (*Id*. at 13-17).

As previously stated, Plaintiff did not file a response to the motion for summary judgment. He also disregarded the Notice filed pursuant to Federal Rule of Civil Procedure 56(e). (Doc. 44). The Rule 56(e) Notice advised Plaintiff that "[i]f a party fails . . . to properly address another

party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." (Doc. 44).  Despite this warning, Plaintiff failed to respond to the summary judgment motion on or before March 12, 2020.

On March 20, 2020, the Court entered an Order to Show Cause that required Plaintiff to demonstrate why his failure to respond to the summary judgment motion should not be construed as an admission of its merits.  (Doc. 46) (citing SDIL-LR 7.1(c)).  Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."  SDIL-LR 7.1(c).  Plaintiff was also warned that his failure to respond to the show cause order or summary judgment motion may result in dismissal of the action for lack of prosecution and for failure to comply with a court order.  (Doc. 46) (citing FED. R. CIV. P. 41(b); *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995)).  Plaintiff's deadline for responding to the show cause order was April 3, 2020.  Almost five months have passed since this deadline expired, and Plaintiff has not responded to the show cause order or the summary judgment motion.

Accordingly, the Court will exercise its discretion pursuant to Local Rule 7.1(c).  Consistent with this rule, the Court construes Plaintiff's failure to respond to the pending summary judgment motion as an admission of the merits of the motion filed by Defendants.  *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).  Based on this admission and the foregoing discussion, the Court finds that Plaintiff's claim in Count 1 against Defendants is time-barred under the applicable two-year statute of limitations.  Alternatively, Plaintiff cannot show that any Defendants responded to his serious medical

condition with deliberate indifference.  Defendants are entitled to summary judgment, and this action is subject to dismissal with prejudice.  *See* SDIL-LR 7.1(c); FED. R. CIV. P. 41(b) and 56(e).

For the reasons set forth above, Defendants' Motion for Summary Judgment (Doc. 43) is **GRANTED**.  *See* SDIL-LR 7.1(c); FED. R. CIV. P. 41(b) and 56(e).  This action, including **COUNT 1**, is **DISMISSED** with prejudice against Defendants **SZOKE, CASTILLO**, and **DUNCAN**.  The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

**DATED: 8/27/2020**                              s/J. Phil Gilbert
                                                           **J. PHIL GILBERT**
                                                           **United States District Judge**

5